IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00068-REB-KLM

WALTER SMITH,

    Plaintiff,

v.

FAMILY AUTO SALES INC., a Colorado corporation doing business as Family Truck and Van,

    Defendant.

_____

**ORDER GRANTING MOTIONS TO AMEND**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to File Amended Complaint** [Docket No. 22; Filed June 20, 2013] (the "Motion to Amend Complaint") and on Defendant's **Motion for Leave to File/Serve Amended Answer to Assert Counterclaims** [Docket No. 24; Filed June 20, 2013] (the "Motion to Amend Answer").  On July 15, 2013, Defendant filed a Response [#27] in opposition to the Motion to Amend Complaint, and on July 17, 2013, Plaintiff filed a Reply [#28].  On July 11, 2013, Plaintiff filed a Response [#26] asserting his non-opposition to the Motion to Amend Answer.  The Motions are thus fully briefed and ripe for resolution.  For the reasons set forth below, the Court **GRANTS** the Motions [#22, #24].

    This matter pertains to Defendant's alleged violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Colorado Consumer Protection Act, C.R.S. § 6-1-708(1)(a)(I), in connection with the sale of a vehicle to Plaintiff.  *See Compl.* [#1].  Pursuant

to the Motion to Amend Complaint [#22], Plaintiff seeks leave to add two additional claims: (1) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), and (2) negligence, for the alleged act of publishing Plaintiff's personal nonpublic information on January 29, 2013 on the Court's electronic docket.  Defendant opposes the amendment to add the ECOA claim.  *Response* [#27] at 1.  Pursuant to the Motion to Amend Answer [#24], Defendant seeks to add counterclaims for breach of contract, fraudulent misrepresentation, and negligent misrepresentation.  Plaintiff does not oppose these amendments.  *Response* [#26] at 1.

As a preliminary matter, the pleading amendment deadline expired on June 20, 2013.  *See Scheduling Order* [#19] at 5.  The present Motions were filed on June 20, 2013 and, therefore, are timely.  The Court thus considers any arguments raised by the parties related to whether justice would be served by amendment.  Specifically, the Court should grant leave to amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant argues that Plaintiff's ECOA amendment should be denied based on futility.  *Response* [#27] at 2.  An amendment is futile if it would not survive a motion to dismiss.  *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).  Defendant suggests that Plaintiff's proposed amendment would be futile "because the Plaintiff did not seek an extension of credit *from Defendant.*"  *Response* [#27] at 2 (emphasis in original).  Defendant asserts that Plaintiff actually sought an extension of

credit from Credit Acceptance Corporation, as identified in the Retail Installment Contract. *Id.* at 1-2. Plaintiff counters that Defendant, as an automobile dealership, may also be creditor for purposes of the ECOA by entering into a finance contract with Plaintiff. *Reply* [#28] at 3. Plaintiff is correct that an automobile dealership *may* be a creditor for purposes of the ECOA. *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971, 978-81 (7th Cir. 2004). However, whether an automobile dealership is a creditor for purposes of the ECOA is a fact-intensive inquiry. *Id.* at 979. At this early stage of the case, the Court may not definitively resolve fact issues, and the proposed amendment therefore would survive a motion to dismiss. *See Innovatier*, 2010 WL 148285, at *2.

Thus, in the circumstances at hand, the Court will not deny leave to amend on the basis of futility. *Cf., e. g.*, *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he preferred practice is to accord a [party] notice and an opportunity to amend his [pleading] before acting upon a motion to dismiss for failure to state a claim[ .]"). The Court therefore permits both parties leave to file amended pleadings. Accordingly,

IT IS HEREBY **ORDERED** that the Motions [#22, #24] are **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's First Amended Complaint [#22-1] and Defendant's Second Amended Answer, Affirmative Defenses and Counterclaims [#24-1] for filing as of the date of this Order.

Dated: August 1, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge